UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**FRANKFORT**

| | | |
|---|---|---|
| WILLIAM WAFORD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:04-64-JMH |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| CAROLYN MUDD, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

**         **     **     **     **     **

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 22]. Said action was referred to the Magistrate Judge for the purpose of reviewing the merit of Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Respondent's motion to dismiss or in the alternative for summary judgment. Petitioner filed objections to the Report and Recommendation [Record No. 23]. The matter is now ripe for decision.

Magistrate Judge Wehrman recommends that the Court grant the respondent's motion for summary judgment and dismiss the petitioner's habeas petition. For the following reasons, the Court accepts the recommendation and reasoning of the Magistrate Judge.

At the time Petitioner filed this petition for habeas corpus, he was incarcerated at the Marion Adjustment Center in St. Mary, Kentucky. He filed a *pro se* petition for habeas corpus with this

Court attacking his incarceration.   Petitioner claimed eight
constitutional errors, including: 1) denial of new trial motion; 2)
ineffective assistance of counsel ("IAC") by failure to pursue
defense that someone else shot the victim; 3) IAC by failure to
interview witnesses before the trial; 4) IAC by failure to
interview and present mitigating witnesses for the sentencing
phase; 5) denial of right to confront witnesses by inability to
question the victim's brother Gary Brown ("Brown") as to Brown's
alleged threat to another witness; 6) IAC by failure to object to
the hearsay testimony of Cleo Wafford; 7) IAC by permitting the
prosecution to obtain a continuance; and 8) cumulative errors
resulting in an unfair trial.   (Pet. for Habeas Corpus at 6-6(c).)

The standard of review for habeas petitions, set forth in 28
U.S.C. § 2254(d), provides that a petition shall not be granted
unless the state court decision "was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States."  A petition
may also be granted if the state court decision "was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding."  *Id.*

The Magistrate Judge recommends that the Court grant the
respondent's motion for summary judgment because ground five is
procedurally defaulted and for the remaining grounds, the
petitioner fails to show that the Kentucky courts' decisions were

2

contrary to, or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts as to these claims.  The petitioner makes several objections to the Magistrate Judge's Report, which are discussed below.

First, the petitioner argues that the Magistrate Judge should have independently reviewed the facts, instead of relying upon the Kentucky Court of Appeals' findings.  Specifically, the petitioner argues that the Magistrate Judge did not thoroughly review the record because a letter written by the petitioner was not included in the record.  The petitioner also argues that the record was not thoroughly reviewed because the Magistrate Judge admitted to not reviewing the entirety of the pre-trial, trial, and post-trial tapes submitted in the record.  Finally, the petitioner argues that the Magistrate Judge was not thorough in the analysis of the facts surrounding the ineffective assistance of counsel claims because the Magistrate Judge admitted to not viewing the closing arguments because said arguments were not in the record.

The petitioner's objections are without merit because the Magistrate Judge thoroughly evaluated whether the Kentucky Court of Appeals made unreasonable factual determinations and held that the court did not.  The written letter the petitioner refers to was read into the record during the course of the trial, obviating any need for the written letter to be in the record and there was no

3

need for the Magistrate Judge to review every tape of every proceeding in the matter.  The Magistrate Judge reviewed the necessary portions of the record to determine whether the Kentucky Court of Appeals made reasonable factual determinations as to each of the petitioner's claims.

Further, assuming the petitioner's facts concerning the closing are true, the petitioner failed to show that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" as to the petitioner's claims of error.

As to the remaining objections, which are attempts to rehash arguments in the petition, the Court agrees with the Magistrate Judge that Respondent's motion for summary judgment should be granted and Petitioner's petition be dismissed with prejudice for the reasons stated in the Report and Recommendation.

Accordingly, **IT IS ORDERED:**

(1) That the Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 22] be, and the same hereby is, **ACCEPTED;**

(2) That Respondent's motion to dismiss [Record No. 15] be, and the same hereby is, **DENIED;**

(3) That Respondent's motion for summary judgment [Record No. 15] be, and the same hereby is, **GRANTED;**

(4) That Petitioner's petition for a writ of habeas corpus

4

[Record No. 1] be, and the same hereby is, **DISMISSED WITH PREJUDICE;**

(5) That this action be, and the same hereby is, **DISMISSED WITH PREJUDICE;** and

(6) That this action be, and the same hereby is, **STRICKEN** from the Court's active docket.

This is the 8th day of September, 2005.



**Signed By:**

_Joseph M. Hood_

**United States District Judge**